JARED C. DODGE & HORACE H. DODGE, Copartners, vs. JOSIAH
WALSHAM.

The notice to secure a mechanic's lien for materials, which must by statute be recorded, can
    in the city of Providence be recorded only in the office of the recorder of deeds, and in a
    book to be kept for that purpose.

PETITION for the enforcement of a mechanic's lien.

*February* 1, 1889. DURFEE, C. J.  This is a petition for the
enforcement of a mechanic's lien for materials furnished.  The
materials, in this as in the case of *Gurney* v. *Walsham, ante,*
p. 698, were furnished by the petitioners as material men to Wil-
liam W. May, who had contracted in writing with the defendant
to build a dwelling-house for him on a lot of land belonging to
him in the city of Providence.  In this case the copy of the sixty
days' notice, required to be placed on record as stated in *Gurney*
v. *Walsham,* was filed in the office of the city clerk of the city of
Providence.  The defendant objects that such a filing of the copy
was insufficient to give rise to the lien.  In *Gurney* v. *Walsham,*
the petitioners placed the copy on record in the office of the re-
corder of deeds in the city of Providence, and we decided that
in so doing they had complied with the statute.  We are of the
opinion that the office of the recorder of deeds is the only place in
the city of Providence where such a copy can be placed on record
so as to be effectual.  But if it were otherwise, we think the peti-
tioners have not complied with the statute.  Merely to file the
copy in the proper office is not enough.  The statute is express
that " *no* lien shall *attach* for materials furnished unless the per-
son furnishing the same " shall give notice as required, and " place
a copy of said notice on *record,* . . . in a *book to be kept for that
purpose.*" [1]  It appears from the evidence and admissions in this
case that the petitioners filed the copy in the office of the city
clerk of the city of Providence, and that the city clerk, instead
of recording the copy or placing it on record in any *book,* put it
loosely into a case or box with other like copies, and only recorded
the names of the parties to the notice, together with a minute of

---

[1] See Pub. Laws R. I. cap. 696, § 4, of March 21, 1888.

the time when the copy was filed, in a book constructed for that purpose by stitching together a few sheets of paper. The city clerk testified that the copy was as accessible to inspection as if it had been placed on record in a book. It may be so; but it was not so placed on record, and the statute declares that "no lien shall attach" unless it be so placed. The thing done was in form and substance other than the thing required. The words of the statute are plain, and we find nothing elsewhere in the statute to warrant our giving them by construction any other than their plain meaning. It is for the petitioners, who are claiming under the statute in derogation of the common law, to show that they have complied with all the requirements of the statute.

*Petition dismissed with costs.*

*Edward C. Dubois,* for petitioners.

*Herbert B. Wood & William Fitch,* for respondent.